# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. <u>CR-21-151-D</u> |
| ) | |
| JAMES M. LYNCH, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S MOTION IN LIMINE
### REGARDING MURDER CONVICTION AND BRIEF IN SUPPORT

COMES now the plaintiff, United States of America, by Robert J. Troester, United States Attorney for the Western District of Oklahoma, Mary E. Walters and Kyle Peppler, Assistant United States Attorneys, and hereby submits this Motion in Limine and Brief in Support and in support thereof, would inform the Court as follows:

**I.   Facts**

On December 16, 2020, the defendant was incarcerated at the Federal Transfer Center located at 7410 S MacArthur Blvd, Oklahoma City, OK 73169.  On that day, at approximately 9:00 p.m., the defendant was allowed to leave his cell in order to perform orderly duties within the cell block.  The defendant performed his orderly duties until approximately 9:30 p.m., at which time he entered the office of M.P.  While M.P. and the defendant were present in the office, the defendant exposed his genitals.  This was done in full view of M.P.

## II.   Argument

### A.   Evidence and testimony regarding the facts related to the defendant's murder conviction and three related charges are not relevant.

The Indictment charges the defendant with indecent exposure for exposing his genitals to another person on December 16, 2020. This crime occurred while the defendant was incarcerated for an unrelated crime. On January 14, 1997, the defendant was convicted of murder in the second degree while armed and three additional related crimes. These convictions are the defendant's most recent according to his criminal history report (NCIC). Evidence or testimony pertaining to the facts of the underlying murder conviction and the related crimes are not relevant in determining whether the defendant committed the crime of indecent exposure. The evidence described above, specifically as it pertains to showing the defendant exposing his body or genitals in a lewd manner in a place where persons could be offended, is not "intrinsic." Intrinsic evidence is that which is directly related or part of the same event. *See Elliot v. Turner Constr. Co.*, 381 F.3d 995, 1004 (10th Cir. 2004). Specifically, the *Elliot* court stated:

> "Such 'other acts' evidence, not expressly listed in Rule 404(b), and which the Tenth Circuit has recognized as admissible, includes evidence which: (1) provides part of the 'context' of the crime charged or is necessary for a 'full presentation of the case'; (2) is so much a part of the environment of the case that it is necessary to 'complete the story of the crime'; or (3) is so linked together in point of time and circumstances with the crime charged it is part of the '*res gestae*' or, in other words, 'part and parcel of the proof of the offense charged.'"

*See id.* at 1004, and *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995). *Elliot* further explained intrinsic evidence:

> "[E]vidence is *direct or intrinsic* to the plaintiff's claim if it is part of the same tortious event. *See United States v. Lambert,* 995 F.2d 1006, 1007 (10th Cir.1993) (explaining in the criminal context that evidence is direct or intrinsic to the crime charged if "both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged"); *United States v. Masters,* 622 F.2d 83, 86 (10th Cir.1980) (stating evidence is admissible when necessary to a full presentation of case)."

*Id.* at 1004. The circumstances outlined in *Elliot* are not present here. In order for the United States to prove the defendant willfully and knowingly, and in a lewd manner, exposed his person or genitals, in a place where there were other persons to be offended or annoyed, the facts and circumstances surrounding the actual indecent exposure are relevant and admissible. However, any evidence pertaining to the facts and circumstances of the defendant's conviction for murder in the second degree and related convictions neither provide context for the crime nor is it necessary for a full presentation of the case. It is not so much a part of the environment that it is necessary to complete the story, nor is it so linked together in point of time and circumstances with the crime charged that it would be considered res gestae of the charge. None of the requirements in *Elliot* are met here.

### 1.      Federal Rules of Evidence 401 and 402

The facts as described above are not relevant to the crime charged. Federal Rules of Evidence 401, 402 and 403 define relevancy. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed.R.Evid. 401. "The evidence need only have 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Harry*, 20 F.Supp.3d 1196, 1221 (D. N.M. 2014) (citing

3

Fed.R.Evid. 401 and *United States v. Leonard,* 439 F.3d 648, 651). "[A] fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," but it only need to have "any tendency" to do so. (citations omitted) *Harry*, 20 F.Supp.3d at 1221.

In this case, evidence pertaining to the facts and circumstances of the defendant's murder in the second-degree conviction and related convictions have no bearing on whether he committed the crime charged. It does not tend to prove or disprove any element of the crime charged. Therefore, the evidence pertaining to the facts and circumstances related to the defendant's conviction for murder in the second degree and related convictions are not of consequence and therefore irrelevant.

Relevant evidence is admissible unless any of the following provide otherwise: (a) the United States Constitution; (b) a federal statute; (c) these rules; or (d) other rules prescribed by the Supreme Court. Irrelevant evidence is not admissible. Fed.R.Evid. 402. The evidence the United States seeks to exclude in this case meets none of the standards in the categories listed under Federal Rule of Evidence 402.

### 2.     Federal Rule of Evidence 403

Even if the court deems this evidence to be relevant, it should still be excluded because it is more prejudicial than probative. "The Tenth Circuit has reminded district courts that they should be 'mindful' that 'exclusion of evidence under Rule 403 that is otherwise admissible under the other rules is an extraordinary remedy and should be used sparingly.'" *Harry*, 20 F.Supp.3d at 1221 (citing *United States v. Smalls,* 605 F.3d 765, 787 (10th Cir.2010)). "The decision to admit or exclude evidence pursuant to rule 403 is

within the trial court's discretion, and the trial court's discretion to balance possible unfair prejudice against probative value is broad." *Id.* (citations omitted).

The evidence the United States seeks to be excluded does not meet the requirements under Rule 403 to be admitted. Federal Rule 403 of Evidence states:

> "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
>
> In addressing the nature of this balancing test, the Tenth Circuit observed:
>
> "In weighing the probative value of the evidence against the prospects of unfair prejudice, courts must "'give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value. *Id.* (quoting *United States v. Cerno*, 529 F.3d 926, 935 (10th Cir. 2008)). We have counseled that "'it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must *substantially* outweigh the evidence's probative value.'"

*Id. United States v. Merritt*, 961 F.3d 1105, 1115 (10th Cir. 2020), *Citing United States v. Henthorn,* 864 F.3d 1241 (Tenth Circuit, 2017).

The evidence sought to be excluded is unfairly prejudicial, confuses the issues, would mislead the jury, would cause undue delay, and would waste the time of the fact finder. Evidence related to the facts and circumstances of the defendant's murder in the second-degree conviction and related convictions, are not proper evidence for the finder of fact to consider in this case. Even if this evidence were found to be probative, any probative value is substantially outweighed by undue prejudice.

### B. The defendant's murder conviction itself is relevant pursuant to Federal Rule of Evidence 609.

While the facts and circumstances pertaining to the defendant's conviction for murder in the second degree and related convictions are not relevant and therefore not admissible, the fact of conviction is relevant and admissible for impeachment. Pursuant to Fed.R.Evid. 609(a), for the purpose of impeachment, a conviction,

> "(1) for a crime that, in the convicting jurisdiction, was punishable for death or by imprisonment over one year, the evidence … must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant …"

According to his NCIC, the defendant was sentenced to 20 years to Life for his murder in the second-degree conviction. Therefore, the charge is punishable by imprisonment for over one year. While the underlying facts of the murder in the second-degree conviction are irrelevant, questions related to the prior conviction, its general nature, and punishment of felony range are admissible for "testing the defendant's credibility." *United States v. Albers*, 93 F.3d 1469, 1480 (10th Cir. 1996). If the defendant were to testify, the United States intends to ask him if he has been convicted of murder in the second degree and sentenced to 20 years to Life. It does not intend to inquire into the underlying facts.

## Conclusion

For the foregoing reasons, the United States respectfully requests the court grant the government's Motion in Limine.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*s/Mary E. Walters*
MARY E. WALTERS
Bar No. 30281
KYLE PEPPLER
Bar No. 31681
Assistant United States Attorneys
210 Park Ave., Suite 400
Oklahoma City, OK 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
mary.walters2@usdoj.gov
kyle.peppler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant: M. Mark Myles, Counsel for Defendant.

*s/Mary E. Walters*
MARY E. WALTERS
Assistant United States Attorney
