IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | Case No. CR-21-151-D |
| ) | |
| JAMES M. LYNCH,   ) | |
| ) | |
| Defendant.   ) | |

**ORDER**

Defendant James M. Lynch stands charged in a one-count indictment for indecent exposure pursuant to 18 U.S.C. § 13(a) and Okla. Stat. tit. 21, § 1021(A)(1). Plaintiff United States of America has filed five motions in limine [Doc. Nos. 35-39], and Defendant has failed to respond within the time period set forth by LCrR12.1(b). The matter is set for a bench trial on December 13, 2022.

When ruling on a motion in limine, a court is forced to determine the admissibility of evidence without the benefit of the context at trial. *See Wilkins v. Kmart Corp.*, 487 F.Supp.2d 1216, 1219 (D. Kan. 2007) ("[A] court is almost always better situated during the actual trial to assess the value and utility of evidence."). The rationale underlying pre-trial motions in limine does not apply in a bench trial, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence. *See, e.g., Plummer v. Western Intern. Hotels Co., Inc.*, 656 F.2d 502, 505 (9th Cir. 1981). Thus, in bench trials it is unnecessary for a court to determine the admissibility of evidence prior to the start of trial. *See Cramer v. Sabine Transp. Co.*, 141 F.Supp.2d 727, 733 (S.D. Tex. 2001); *see also*

9A Charles Alan Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 2411 (3d ed. Apr. 2022 update). Because the more prudent course in a bench trial is to resolve all evidentiary issues with the benefit of context at trial, Plaintiff's Motions in Limine [Doc. Nos. 35-39] must be **DENIED.**

    **IT IS SO ORDERED** this 2nd day of December, 2022.

                                             TIMOTHY D. DeGIUSTI
                                             Chief United States District Judge